## Avilés v. The Registrar of Property.

Appeal from a decision of the Registrar of Property of Aguadilla.

No. 99.—Decided October 13, 1911.

Record of Title in Registry of Property—Private Document.—A sold a property to B and the sale was witnessed by a private document in which it was stated further that no public deed was executed because the property was encumbered, that it was necessary first to release it from the encumbrance and that the wife of A was cognizant of the facts and willing to execute such a deed in the event of his death. A died and his wife executed the deed and the registrar refused to record the same, basing his refusal on the provisions of subdivision 1 of article 3 of the Mortgage Law. *Held:* That the refusal of the registrar was not well founded in this instance, because the intention was not to record the private instrument itself, but of doing so after it was clothed with all the formalities of a public document.

Sale of Property of Minors—Judicial Authorization.—In the foregoing case, upon the death of A his minor children were declared to be his heirs and the deed was executed by the widow without obtaining judicial authorization therefor. The registrar refused to admit the instrument to record upon this ground also and the court held that the registrar was right as to this point, because the act performed involved the sale or the ratification of the sale of real property by minors, and judicial authorization was absolutely necessary in accordance with the law in force at the time the instrument was executed.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

Mr. Justice del Toro delivered the opinion of the court.

An authentic copy of deed No. 86, executed on the one part by Ana Méndez Vaz, both in her own right and as mother with *patria potestas* over her minor children, had by her marriage with José M. Deliz, and on the other part by Bonifacio Avilés, before Notary Public Mercader, in Aguadilla, on February 17, 1906, was presented in the Registry of Property of Aguadilla and the registrar refused to record the same for the following reasons:

"The registry of the foregoing instrument is denied as regards the sale to Bonifacio Avilés of 14½ *cuerdas* of land in *barrio* Capá of Moca, the recording of which sale only was requested, because the

document of July 15, 1905, transcribed therein and by virtue of which the former was executed, being a private instrument, is not admissible to record under the provisions of subdivision 1 of section 3 of the Mortgage Law; and because Ana Petronila Méndez effected said sale not only in her own right, but also as mother with *patria potestas* over her children, Luis, Ana María, Monserrate, Juana, Pedro, Ramón, Carlos Guillermo, Asunción, Rosa María, and María de las Mercedes, without having obtained the proper judicial authorization in the manner provided for by section 80 of the Act of Special Legal Proceedings, approved March 9, 1905, as amended March 9, 1911, etc.''

Notice of the refusal having been given to the person who presented the instrument, he asked that it be sent to the Supreme Court. The registrar did so in accordance with law, and also forwarded a brief explaining his decision. No steps have been taken in this court by the interested parties.

From an examination of the document in question, it appears that José M. Deliz, the husband of Ana Méndez Vaz, executed a private document on July 15, 1905, according to which he sold to Bonifacio Avilés a certain farm property and in which he set forth that a public deed was not executed for the reason that the property was encumbered and that it was necessary first to remove the encumbrance, and that his wife was cognizant of the facts and willing to execute such a deed in case of the death of Deliz.

Deliz died and his wife and children were declared by the district court his intestate heirs, and his wife, both in her own right and as mother with *patria potestas* over her minor children, executed the deed whose admission to record has been denied.

The first of the grounds alleged by the registrar in the decision hereinbefore transcribed is not well founded, because it was not a question of recording the private document itself, but of doing so after it had been clothed with all the formalities of a public document.

The second ground is well taken and is sufficient to support the refusal of the registrar.

The deed was executed by Ana Méndez after the death of her husband, Deliz, or after the dissolution of the conjugal partnership to which the property belonged according to the registry, wherefore the consent not only of the wife, Ana Méndez, but of all the heirs of the husband, Deliz, was necessary for the execution thereof.

The heirs were minors and could not give their consent *per se,* nor could their mother consent for them in the ordinary exercise of the *patria potestas.* The act involved the sale or the ratification of the sale of real property and judicial authorization was absolutely necessary in accordance with the Civil Code and the Act of Special Legal Proceedings of 1905, both of which were in force at the time of the execution of the instrument.

In virtue whereof and by reason of the second of his grounds the decision of the registrar in this case should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.